IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>FRANCHIE FARMER,<br><br>    Defendant. | Case No. 11-cr-40073-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Franchie Farmer's motion for a new trial (Doc. 71). The government filed a response (Doc. 77) and defendant filed a reply (Doc. 78). For the following reasons, the Court denies defendant's motion for a new trial.

On June 12 – 14, 2012, this Court held a three-day jury trial wherein the jury found defendant guilty of aggravated bank robbery and brandishing a firearm during a crime of violence. She has yet to be sentenced. Shortly after the trial, defense counsel received a phone call from an alternate juror complaining about the behavior of other jurors during trial. The alternate juror signed an affidavit containing comments attesting to the following juror statements:

> One juror making the statement: "I wrote my verdict down right away and it hasn't changed yet." This was made before the prosecution had presented their evidence pertaining to the cell phone records and the handwriting analysis.
>
> Another juror during a conversation with others, "Yeah, like if 11 say guilty and 1 says not guilty. It's like, come on!"
>
> Comment made by another juror before lunch break on Wednesday saying "Could we just go ahead and vote now so we can get out of here? haha" This comment was made in the sense that many had already decided that the defendant was guilty.

(Doc. 71-1). Based on this affidavit, defendant filed her motion for a new trial alleging that jury misconduct deprived her of her right to a fair trial.

It has long been held that juror testimony for the purpose of impeaching a jury verdict is prohibited. *Tanner v. United* States, 483 U.S. 107 (1987). An exception was recognized in cases where a party alleged "extraneous influence" on the jury. *Id*. at 117; *United States v. Resko*, 3 F.3d 684, 690 (3d Cir. 1993) (The court recognized "a clear doctrinal distinction between evidence of improper *intra*-jury communications and *extra*-jury influences," and that "it is well-established that the latter pose a far more serious threat to the defendant's right to be tried by an impartial jury.") The Supreme Court explained that allowing post-verdict allegations of juror misconduct would "seriously disrupt the finality of the process." *Tanner*, 483 U.S. at 120. Further, it would undermine "full and frank discussion in the jury room, jurors' willingness to return an unpopular verdict, and the community's trust in a system that relies on the decisions of laypeople." *Id*. at 120-21.

Federal Rule of Evidence 606(b) adopts the above-mentioned common law rule and exception as follows:

> (1) Prohibited Testimony or Other Evidence. During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.
>
> (2) Exceptions. A juror may testify about whether: (A) extraneous prejudicial information was improperly brought to the jury's attention; (B) an outside influence was improperly brought to bear on any juror; or (C) a mistake was made in entering the verdict on the verdict form.

While Rule 606(b) strictly prohibits testimony by a juror as to statements made during *deliberations*, the Seventh Circuit has recognized that intra-jury communications during *trial* are

not "literally included in the prohibition of Rule 606(b)." *United States v. Kimberlin*, 805 F.2d 210, 243-44 (1986). The proper inquiry is "whether there were premature discussions of the evidence *and then* whether those discussions prejudiced the defendants." *United States v. Morales*, 655 F.3d 608, 631-32 (7th Cir. 2011); *Kimberlin*, 805 F.2d at 244. However, "[a]ny inquiry as to bias arising from the alleged premature deliberations would run afoul of the Rule's clear proscription" against inquiring into any effect "on the juror's mind or emotions" or "concerning the juror's mental processes." *Morales*, 655 F.3d at 631 (citing Fed. R. Evid. 606(b)). Accordingly, a "hearing would be fruitless unless these statements, if made, would be presumed to be prejudicial." *Kimberlin*, 805 F.2d at 244.

The facts surrounding *Morales* and *Kimberlin* give the Court guidance in determining whether a post-verdict allegation of premature deliberations is presumptively prejudicial. In *Morales*, a district court denied defendant's motion for a new trial in which a juror complained post-verdict that other jurors had discussed the case and stated as follows: "I spoke to some of the loud & boisterous jurors . . . about making remarks about witnesses, attorney's [*sic*] and discussing the case . . . Jokes and other inferences about the case were made." *Morales*, 655 F.3d at 629. The court declined to presume prejudice noting that the defendant failed to cite any authority necessitating such a hearing and that the aforementioned note "only suggested the possibility of premature deliberations (as opposed to jokes, idle comments, or other generalized discussions)." *Id*. at 632.

In *Kimberlin*, the defendant filed a motion for a new trial in which he alleged the following instances of juror misconduct:

   a. One juror, during trial and in presence of all others, said, "They ought to hang him now, so that we can go home," or words to that effect.
   b. One juror made notes, and when reminded by other jurors that note-taking had been forbidden by the judge, tore them up.

3

      c. One juror commented in the presence of the others during trial that he or she had been hypnotized before and discussed the experience. Defendant stated belief that on *voir dire* this juror had denied being hypnotized.

*Kimberlin*, 805 F.2d at 243. The district court declined to hold a hearing reasoning that Rule 606(b) prohibits such an inquiry that could assess the effects of the statements on the jurors. *Id*. at 243. Further, the court declined to find any of the statements presumptively prejudicial. *Id*. On appeal, the Seventh Circuit found the district court did not abuse its discretion in declining to presume prejudice and grant a new trial. *Id*. at 244.

    Here, defendant wishes to introduce an alternate juror's affidavit to impeach the jury's verdict. Defendant does not claim that external influences bore on the jury's deliberation. Rather, defendant contends that jurors had come to a verdict prior to the conclusion of the case, and that some jurors' comments during trial may have influenced other jurors' deliberations. Federal Rule of Evidence 606(b), however, strictly prohibits this Court from inquiring into the effect of these statements on a juror's mind or emotions, or on his mental process in coming to a verdict. The Court, however, may assess whether these statements were presumptively prejudicial.

    Here, the jurors' alleged statements that "I wrote my verdict down right away and it hasn't changed yet" and "Could we just go ahead and vote now so we can get out of here? haha" are similar to the statement in *Kimberlin* in which the juror allegedly said, "They ought to hang him now, so that we can go home." Like the court in *Kimberlin*, this Court declines to presume prejudice from these statements, assuming they were actually made, sufficient to warrant a new trial. Also, as the court reasoned in *Morales*, the three statements at issue only suggest the possibility of premature deliberations as opposed to jokes, idle comments, or other generalized discussions.

Accordingly, Rule 606(b) prohibits the Court from inquiring into the effect of these alleged statements on the jurors' deliberations. The Court further declines to presume prejudice from these statements. Thus, for the foregoing reasons, the Court **DENIES** defendant's motion for new trial (Doc. 71).

**IT IS SO ORDERED.**

**DATE:** August 27, 2012

s/ J. Phil Gilbert  
**J. PHIL GILBERT**  
**DISTRICT JUDGE**